FRED B. MENDIOLA, Plaintiff

v.

GOVERNMENT OF GUAM, et. al., Defendants

Civil No. 945-77
Superior Court of Guam
May 22, 1980

- - - - -

- - - - -

WEEKS, Judge

## DECISION AND ORDER

This matter came for hearing on May 16, 1980, to consider defendant Government's motion to strike certain documents attached in support of plaintiff's motion in opposition to summary judgment. Plaintiff then orally moved the court to prohibit the Government from using any information which the defendant was precluded from using pursuant to order of the court dated September 11, 1979. Upon hearing all the oral arguments of both parties, this court ruled to reserve decision. This court will now consider each motion separately.

DEFENDANT'S MOTION TO STRIKE The Government contends that its motion is supported by Rule 408 of the Rules of Evidence which prohibits the admission of evidence of compromise to prove liability. The Government further contends that such documents are hearsay, violate the Best Evidence Rule, and are not properly authenticated.

Plaintiff, on oral argument, stated that the challenged documents were submitted for the purpose of estopping the Government from asserting as a defense the untimely filing of plaintiff's claim and action.

This Court finds that Rule 408 creates an exception for the admissibility of evidence otherwise inadmissible if offered for purposes other than to prove liability. Plaintiff does not seek to establish that the documents of compromise are an admission of liability on the part of the Government, but merely that negotiations were ongoing they are admissible.

The Court fails to find weight in the Government's remaining arguments. As to the issue of hearsay, the Court finds these documents to be non-hearsay. With regard to the Best Evidence argument, where an original is unobtainable, or within the control of the party opponent, the Rule creates an exception for the introduction of copy in lieu of the original. As regards the authenticity of the papers, unless there exists serious doubt as to the validity of the duplicate submitted, copies will be accepted by the Court.

Based on the foregoing, this Court finds no ground to strike the documents as submitted by plaintiff, and accordingly DENIES the Government's motion.

PLAINTIFF'S MOTION PROHIBITING THE USE OF CERTAIN INFORMATION BY DEFENDANT: Plaintiff contends that the Government is barred from using information relative to the "Letter of Understanding" for any purpose at trial pursuant to order of the court dated September 11, 1979. The order reads:
". . .in the event that defendant fails to provide answers to those interrogatories that defendant previously responded to by answering 'N/A' or 'Not knowledgeable of the fact' on or before October 17, 1979, defendant shall be precluded from introducing the requested information in evidence for any purpose at the trial in this matter."

This Court, after reviewing the order, agrees that the intent of said order is to provide a blanket prohibition on the use of any information not properly answered. At the time said order was issued, the Government did not make any objection to the blanket prohibition. It is now argued by the Government that it is not utilizing any information precluded by the order, but is relying only on information contained it its answer to the complaint. This Court believes that the order of September 11th clearly circumvents this argument, and that said order is an unconditional prohibition upon the Government from using any information relating to questions not properly answered.

It is not beyond the discretion of this Court to interpret a summary judgment proceeding as part of the overall trial, and therefore to interpret such a prohibition as applicable to such proceeding. Having failed to provide proper answers to the requested interrogatories specifically relating to the "Letter of Understanding", this Court finds the Government is forthwith precluded from using such information in support of its motion for summary judgment.

Plaintiff's motion prohibiting defendant from using the information referred to is hereby GRANTED.

Defendant's motion is DENIED.

Plaintiff's motion is GRANTED.

SO ORDERED.